**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE RAMON PEREZ-LOPEZ, also
known as Jose Ramon Lopez-Perez, also
known as Hortencio Gonzalez-Araujo,
also known as Hortencio Gonzales-Anajo,
also known as Jose Juarez, also known as
Raul Perez, also known as Jose Ramon
Perez, also known as Jose Perez-Lopez,
also known as Jose Lopez-Perez, also
known as Jose Perez,

      Defendant-Appellant.

No. 05-8116
(D.C. No. 05-CR-123-J)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and
**BALDOCK**, Senior Circuit Judge.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

case is therefore ordered submitted without oral argument.

On May 19, 2005, Jose Ramon Perez-Lopez (the defendant), an alien, was charged in a one-count indictment filed in the United States District Court for the District of Wyoming, with having been found in Wyoming on April 5, 2005, after he had been previously deported, and that he had not obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to apply for admission into the United States, in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). Pursuant to a plea agreement, the defendant pled guilty to the offense charged in the indictment, and the government agreed to recommend to the district court that defendant's offense level be lowered by three levels because of his acceptance of responsibility. At the change of plea hearing, defendant's counsel advised the district court, *inter alia,* that he, in turn, had advised the defendant that as a result of *United States v. Booker,* 543 U.S. 320 (2005), the Sentencing Guidelines were no longer "mandatory," but only "advisory." The matter was then referred to the Probation Department for a Pre-Sentence Report (PSR). The PSR set defendant's base offense level at 8. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), the PSR then raised defendant's base offense level by 16 levels, i.e., to 24, based on his conviction on June 6, 1986, in the United States District Court for the Eastern District of California for conspiracy to distribute heroin with a sentence exceeding 13 months. The district court then lowered defendant's adjusted offense level of 24 by three levels, to 21. The adjusted offense level of 21, coupled with a criminal history category of IV, set a guideline range at

imprisonment for 57 to 71 months.

The defendant was represented in the district court by the Federal Public Defender's Office. The defendant, through counsel, filed an objection to that part of the PSR which recommended that the defendant's base offense level be raised 16 levels because of his drug conviction in 1986. The gist of the objection was that the amount of drugs involved in that offense was less than the amount charged, and that his sentence in 1986 to 144 months imprisonment was "excessive" and should "ameliorate"his sentence in the present proceeding.

At sentencing, the district court carefully and fully advised the defendant and counsel that it could not review the conviction and the sentence imposed on the defendant in 1986 in the United States District Court for the Eastern District of California. The district court also stated before sentencing that "even if the advisory guideline range" (emphasis ours) was improperly calculated, it would still impose the "same sentence" as it was about to impose. The district court then sentenced defendant to imprisonment for 60 months. The defendant, through counsel, filed a timely notice of appeal.

In this court, counsel for the appellant, the Federal Public Defender's Office, has filed an *Anders* Brief, in which it seeks to withdraw as counsel for the defendant under *Anders v. California,* 386 U.S. 738 (1967), and Tenth Circuit Rule 46.4(B). In that brief, counsel stated that the defendant had asked him to appeal his sentence of 60 months imprisonment "notwithstanding counsel's opinion that there are no non-frivolous issues to argue." Counsel summarizes defendant's objections to his 60-month sentence as follows:

"(a) his sentence of 60 months is too long, (b) a sentence he received in 1986 for 144 months was unduly harsh, and (c) the instant sentence should have ameliorated this injustice." In his brief, counsel then spoke as follows:

> "Movant believes the issues raised by defendant/appellant as grounds for appeal are without merit, and not supported by existing case law, the Sentencing Guidelines, or any foreseeable legal doctrine."

Later, the defendant, *pro se*, sent a letter to the Clerk of this Court in which he stated, in the opening paragraph, that "I don't agree with my present sentence due to the fact that I received such an impartial [sic] sentence in 1986." He then went on to set forth his objections to the sentence of 144 months imposed in the California proceeding in 1986.

The United States Attorney's office later sent a letter to the Clerk of this Court in which it stated neither counsel's *Anders* brief nor appellant's supplemental response "required a response by the government" and concluded by stating that the "United States agrees with the conclusion in counsel's *Anders* brief that there are no non-frivolous claims that could fairly be raised to challenge either the appellant's conviction or sentence."

It needs no citation of authority to hold the obvious, i.e., that the United States District Court for the District of Wyoming was without jurisdiction to review a criminal conviction and sentence imposed in the United States District Court for the Eastern District of California in 1986. Further, although this matter is not mentioned by the

defendant, we note that the sentence in the present case was imposed on October 28, 2005, some ten months <u>after</u> *United States v. Booker*, 543 U.S. 220 (Jan. 12, 2005), wherein the Supreme Court held, *inter alia*, that the sentencing guidelines were not "mandatory" but only "advisory." In this regard, as above stated, at defendant's change of plea hearing his counsel advised all that he had informed the defendant that the sentencing guidelines were no longer mandatory and only advisory. And at sentencing, the district court recognized that the guidelines were only advisory and that the sentence it was about to impose would be the "same sentence" that it would impose even if the guideline range in the instant case - 57-71 months - had been "improperly calculated." It was in this setting that the district court determined that a "reasonable sentence" under 18 U.S.C. §3553 was 60 months imprisonment. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006).

In *United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003), we spoke as follows:

> The basic principle underlying the cited cases is that, aside from when an appellant elects to proceed *pro se*, every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after thorough review of all pertinent proceedings, the appeal is determined initially by counsel and then independently by the court to be wholly frivolous. *See generally Smith v. Robbins,* 528 U.S. 259, 279-80 (discussing and applying Court's present understanding of its 'chief cases in this area,' including *Anders, Penson,* and *McCoy.*

In that same case, at 1158, citing *McCoy v. Court of Appeals of Wisc. Dist. 1*, 486 U.S. 429, 438-39 (1988), we then spoke as follows:

As for the professional responsibilities of counsel,

the appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal . . . . Only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous' is counsel justified in making a motion to withdraw. This is the central teaching of *Anders*. *McCoy,* 486 U.S. at 438-39.

And finally, in *Snitz at 1158*, we then spoke as follows:

The court's obligation does not end once it concludes that counsel reviewed the record and found no error. Because it is 'the court–not counsel' that ultimately 'decides whether the case is wholly frivolous,' *Anders,* 386 U.S. at 744*,* counsel's assessment triggers the final responsibility of the court, which must 'itself conduct a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.' *Penson*, 488 U.S. at 80 (quoting *Anders*, 386 U.S. at 744).

*Snitz,* 342 F.3d at 1158.

We conclude that in the instant case, counsel for the defendant has followed the teaching of *Snitz*. Discharging our responsibility under *Snitz*, based on the record before us, and after a full examination of the record and consideration of both the defendant's *pro se* response brief and the *Anders* brief filed by the Federal Public Defender, we conclude that there are no non-frivolous issues upon which the defendant has a basis for appeal. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Appeal dismissed and counsel's motion to withdraw is granted.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge