**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

UNRICO RANIER MINNERS,

    Defendant-Appellant.

No. 06-5092
(D.C. No. 05-CR-152-JHP)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **PORFILIO**, Senior Circuit Judge.

Unrico Ranier Minners (the defendant), and Bobby Horn, a co-defendant, were at the Cherokee Casino located in Indian Country in Oklahoma, on July 28, 2005, when they observed a patron of the casino win a large amount of money. The patron was 66 years old and used a cane. The defendant and Horn, and another, thereafter followed the patron to his home, which was located off the Indian Reservation. The defendants approached the patron as he exited his vehicle at his home and demanded money, with Horn holding a firearm at the patron's head. The patron refused to give them his winnings, whereupon

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Horn shot the patron in his buttocks. The patron then went to the trunk of his car, retrieved therefrom $1800.00 in cash and handed the cash and his wallet to the defendant and Horn, who then fled the scene.

In a 6-count indictment, the defendant was charged as follows: In Count 2 with conspiring with Horn, and others, to commit certain offenses against the United States, to wit: leaving Indian Country with an intent to intimidate another person in violation of 18 U.S.C. § 2261(A)(1), as alleged in Count 3 of the indictment, and the Use of a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), as alleged in Count 4 of the indictment, all in violation of 18 U.S.C. §371; in Count 3 of the indictment, defendant and Horn were charged with, each aiding and abetting the other, leaving Indian Country, with an intent to intimidate another person and in the course thereof, and as a result of such travel, placing that person in reasonable fear of serious bodily harm by use of a dangerous weapon, in violation of 18 U.S.C. § 2261A(1) and 18 U.S.C. §2; in Count 4 defendant and Horn were charged with using a firearm in furtherance of a crime of violence as had been more fully set forth in Count 3, all in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; and in Count 6 defendant was charged with possessing a firearm in or affecting interstate commerce after having been convicted of three described felonies, in violation of 18 U.S.C. §922(g)(1) and §924(a)(2).

The defendant was represented in the district court by the Federal Public Defender's Office, which also represents him on appeal. On November 17, 2005, the

defendant, pursuant to a plea agreement with the government, entered an unconditional plea of guilty on all four counts of the indictment. The plea agreement provided, *inter alia*, that the defendant would plead guilty to all counts, waive his right to appeal, and the government agreed to move at sentencing for a downward departure of one offense level pursuant to U.S.S.G. § 5Kl.l.

At sentencing on March 29, 2006, the district court, after departing downward one offense level, determined defendant's total offense level at 33 which, when coupled with a criminal history category of VI, set the guideline range for defendant's sentence at 235 to 293 months imprisonment. The court then sentenced defendant to imprisonment for 235 months.

On April 10, 2006, the defendant, pro se, filed a timely notice of appeal in the district court. That notice read as follows:

> Pro se Petitioner Unrico Minners respectfully submits in concordance with the rules of this court, and the Tenth Circuit, a timely Notice of Appeal. Pro se Petitioner seeks relief from this court, or that of the Tenth Circuit of Appeals under a petition for habeas corpus relief a motion 2255 for a violation of Petitioners constitutional right to effect counsel, and for violation of sixth amendment rights. Pro se petitioner asks respectfully that notice to appeal legality of Petitioners sentence be granted.

On August 16, 2006, the Public Defender's Office filed in this court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), on behalf of the defendant and at the same time filed a Motion to Withdraw as appointed counsel for the defendant. A copy of the *Anders* brief and the motion to withdraw were served on the defendant. In the

- 3 -

motion to withdraw, counsel stated that he had read the court records in defendant's case and "found no issues that are viable for appeal."

On November 13, 2006, the United States filed with this court its Notice that an answer brief would not be filed. In that notice the government stated that the appellant had been granted until September 15, 2006, to respond to his counsel's *Anders* brief and that he had failed to respond.

In *Anders, supra,* the Supreme Court spoke as follows:

> . . . if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

*Id.* at 744.

Pursuant to our reading of *Anders, supra,* in *United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003), we spoke as follows:

> The basic principle underlying the cited cases is that, aside from when an appellant elects to proceed *pro se,* every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after a thorough review of all pertinent proceedings, the appeal is determined initially by counsel and then independently by the court to be wholly frivolous. *See generally Smith*[ *v. Robbins*], 528 U.S.

- 4 -

[259,] 279-80 (discussing and applying Court's present understanding of its 'chief cases in this area,' including *Anders, Penson*, and *McCoy*.)

In that same case, at 1158, quoting *McCoy v. Court of Appeals of Wisc. Dist.*

*1,* 486 U.S. 429, 438-39 (1988), we then spoke as follows:

As for the professional responsibilities of counsel, 'the appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. . . . Only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous' is counsel justified in making a motion to withdraw. This is the central teaching of *Anders*.'

And finally, in *Snitz* at 1158, we then spoke as follows:

The court's obligation does not end once it concludes that counsel reviewed the record and found no error. Because it is 'the court-not counsel' that ultimately 'decides whether the case is wholly frivolous,' *Anders,* 386 U.S. at 744, counsel's assessment triggers the final responsibility of the court, which must 'itself conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous."' *Penson*[ *v. Ohio,*] 488 U.S.[ 75], 80 (1988) (quoting *Anders*, 386 U.S. at 744).

We conclude that in the instant case, counsel for the defendant has followed the teaching of *Snitz*. Discharging our responsibility under *Snitz*, based on a full examination of the record before us, and a consideration of the *Anders* brief filed by counsel, we conclude that there are no non-frivolous issues upon which the defendant has a basis for appeal. *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005).

In his pro se Notice of Appeal, defendant suggests, perhaps, that he was denied his Sixth Amendment right to the effective "assistance of counsel for his defense." It is well

established, however, that the issue of ineffective trial counsel cannot be raised on direct appeal, and can only be raised in a collateral proceedings. *See United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995). In that case we stated that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. The reason for the rule is so that a "factual record" may then be fully developed.

Appeal dismissed and motion to withdraw granted.

Submitted for the Court,


Robert H. McWilliams
Senior Circuit Judge