**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE OLIVAS-MONTOYA,

      Defendant-Appellant.

No. 06-2222
(D.C. No. CR-06-394 JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.

Jose Olivas-Montoya (the defendant), an alien, was charged in a criminal information filed February 23, 2006, in the United States District Court for the District of New Mexico, with having being found in Eddy County, New Mexico, after he had been legally deported from the United States on January 4, 2005, which deportation was based on a felony conviction in the United States for residential burglary, all in violation of 8

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S.C.§ 1326 (a)(1) and (2) and (b)(2). Defendant was represented in the district court by appointed counsel, who also represents defendant in this court.

On February 23, 2006, the defendant pled guilty as charged in the information. The matter was then referred to the Probation Department for a Pre-Sentence Report (PSR). The PSR set the defendant's base offense level at 8 levels, which was then increased by 16 levels based on an aggravated felony committed prior to his deportation, and was then reduced by three levels based on defendant's acceptance of responsibility, resulting in an adjusted offense level of 21. The PSR set defendant's criminal history category at V. An offense level of 21, coupled with a criminal history category of V, set defendant's guideline range at imprisonment for 70-87 months.

Defendant's attorney filed objections to the PSR's recommendation that defendant's criminal history category be set at V. Specifically, counsel for the defendant filed the following objection:

> Issue 1: Defense counsel states that criminal history category V as reflected in the original presentence report, over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit further crimes. Defense counsel states a criminal history category III would more accurately represent the defendant's criminal history category.

In his objection counsel also asked that defendant be given a "more reasonable sentence." The government filed a response to defendantt's objection that his criminal history category was "overstated," and should have been set at III, stating it "opposed any variance from the advisory guideline sentencing range." The record indicates that at sentencing the district court followed the recommendation of the PSR and set defendant's

2

criminal history category at V, which, as stated, when coupled with an adjusted offense level of 21, fixed the guideline range at 70-87 months imprisonment. In this setting, the district court sentenced defendant to imprisonment of 70 months. The defendant though counsel then filed a timely notice of appeal.

On appeal, counsel for defendant filed an *Anders* brief in which he stated that in sentencing defendant to incarceration for 70 months, the district court had not acted contrary to the sentencing guidelines and that the appeal should be dismissed and he should be allowed to withdraw. *Anders v. California*, 386 U.S. 738 (1967). A copy of counsel's brief was served on the defendant. In response, the defendant on October 27, 2006, filed a *pro se* brief in which he stated his counsel was "completely constitutionally deficient," that his "assistance and services" were "ineffective," and asked that "another counsel" be appointed. On November 16, 2006, the government filed a Notice of Intent Not to File a Response Brief, which was also served on the defendant.

The PSR indicated that defendant had an extensive criminal history, consisting of some 30 arrests and convictions, and some 16 arrests for which there was no ensuing conviction. Many of these arrests, whether they resulted in convictions or not, occurred when defendant was a juvenile.

In calculating the defendant's criminal history category, as we read it, the PSR did not recommend any points pursuant to U.S.S.G. § 4A1.1(a). It did recommend a total of six points for three offenses pursuant to U.S.S.G. § 4A1.1(b). Those were as follows:

(1) Two points for possession in 1996 of heroin resulting in 18 months'

3

imprisonment;

(2) Two points for shoplifting in 1996 resulting in a sentence of 60 days in jail; and

(3) Possession of drug paraphernalia in 1998 resulting in 60 days in jail.

The foregoing would result in six points for the purpose of determining defendant's criminal history category.

Additionally, under U.S.S.G. § 4A1.1(c), the PSR recommended four additional points, making a total of ten points, for seven other offenses and convictions. Those were as follows:

(1) Receiving stolen property in 1997 resulting in a suspended 180 day jail sentence;

(2) Trespass in 1999 resulting in a suspended jail sentence;

(3) Drunk Driving in 2001 resulting in a suspended jail sentence;

(4) Shoplifting in June 2002 resulting in a suspended jail sentence;

(5) Shoplifting in December 2002 resulting in a suspended jail sentence;

(6) A residential burglary in 2003 resulting in a sentence of three years, which sentence was suspended and defendant was put on three years probation; and

(7) Shoplifting in August 2003, resulting in a suspended sentence.

As we understand it, defendant contends that his criminal history category should

4

have been set at III, based on six criminal history points, and not V, which required 10 criminal history points.  U.S.S.G. Ch. 5, Pt. A.

As indicated, counsel for the defendant has filed in this court a brief pursuant to *Anders v California,* 386 U.S. 738 (1967), stating that in sentencing defendant, the district court committed no error and that accordingly this court has no jurisdiction, and that the appeal should be dismissed and he should be able to withdraw as counsel of record.  We agree.

In *Anders, supra*,  the Supreme Court spoke as follows:

> . . .  if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

*Id.* at 744.

Pursuant to our reading of *Anders, supra,* in *United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003), we spoke as follows:

> The basic principle underlying the cited cases is that, aside from when an defendant elects to proceed *pro se,* every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after a thorough review of all pertinent proceedings, the appeal is determined

5

initially by counsel and then independently by the court to be wholly frivolous. *See generally Smith v. Robbins,* 528 U.S. 259, 279-80 (discussing and applying Court's present understanding of its 'chief cases in this area,' including *Anders, Penson*, and *McCoy.*

In that same case, at 1158, citing *McCoy v. Court of Appeals of Wisc. Dist. 1,* 486 U.S. 429, 438-39 (1988), we then spoke as follows:

> As for the professional responsibilities of counsel, the appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. . . . Only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous' is counsel justified in making a motion to withdraw. This is the central teaching of *Anders.*

*McCoy,* 486 U.S. at 438-39.

And finally, *in Snitz at 1158*, we then spoke as follows:

> The court's obligation does not end once it concludes that counsel reviewed the record and found no error. Because it is 'the court-not counsel' that ultimately 'decides whether the case is wholly frivolous,' *Anders,* 386 U.S. at 744, counsel's assessment triggers the final responsibility of the court, which must 'itself conduct a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.' *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quoting *Anders*, 386 U.S. at 744).

We conclude that in the instant case, counsel for the defendant has followed the teaching of *Snitz*. Discharging our responsibility under *Snitz*, based on a full examination of the record before us, and a consideration of the *Anders* brief filed by counsel, we conclude that there are no non-frivolous issues upon which the defendant has a basis for appeal. *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005).

In his *pro se* brief, the defendant suggests that his appointed counsel's representation in the district court was "constitutionally deficient" and "ineffective." In this respect, it is well established, however, that the issue of ineffective trial counsel cannot be raised on direct appeal, and can only be raised in a collateral proceeding. *See United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995). In that case we stated that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. The reason for the rule is so that a "factual record" may then be fully developed.

Accordingly, defendant's request for the appointment of "different counsel" is denied. The appeal is hereby dismissed and counsel's motion to withdraw is granted.


Entered for the Court


Robert H. McWilliams
Circuit Judge