**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS HERNANDEZ-DE JESUS
Defendant-Appellant.

No. 06-2128
(D.C. No. CR-No. 05-2465 MV)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.

Carlos Hernandez-De Jesus (the defendant), was charged in a one count indictment filed in the United States District Court for the District of New Mexico, with Re-entry of a Deported Alien in violation of 8 U.S.C. § § 1326(a)(1) and (2) and 1326(b)(2). Pursuant to a plea agreement with the government, the defendant pled guilty to the crime charged. As a part of the plea agreement, defendant waived, *inter alia,* many of his constitutional rights, but did <u>not</u> waive his right to appeal the sentence which he later

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

received. The matter was then referred to the probation department for a Presentence Report (PSR).

The PSR set defendant's base offense level at 8 and then, pursuant to U.S.S.G. 2L1.2(b)(1)(A), increased that level by 16 levels, i.e., to 24 levels, based on the fact that the defendant had been previously deported from the United States to Mexico after his conviction for a felony offense that was a "crime of violence." The PSR also recommended that defendant's offense level be reduced by three levels for his acceptance of responsibility, setting his adjusted offense level at 21. The PSR recommended the defendant's criminal history category be set at III. The U.S.S.G. set the guideline range for an offense level of 21 and a criminal history category of III at 46 to 57 months imprisonment.

As we understand the record, neither the defendant nor the government filed any "objections" to the PSR. However, prior to sentencing, the defendant's counsel did file with the district court a Sentencing Memorandum in which he, on the basis of *United States v. Booker*, 543 U.S. 220 (2005), asked the district court to impose a sentence of "less than 46 months," the minimum sentence under the sentencing guidelines. At the time of defendant's sentencing, the guidelines, under *Booker*, were only advisory, and not mandatory. It was counsel's contention that a sentence of less than 46 months would be "reasonable" under 18 U.S.C. §3553(a). In support of his "reasonable" argument, counsel stated that the 16 level increase of defendant's base offense level was, under the circumstances, "excessive" and that any increase should be only 8 levels and not 16.

2

(With an offense level of 13, and a criminal history category of II, the guidelines sentencing range would have been 15 to 21 months imprisonment.)

The government filed a response to defendant's request that he be sentenced to less than 46 months. At the outset of that response, the government stated that, all things considered, 46 months imprisonment would be a "reasonable" sentence under 18 U.S.C. § 3553(a). At the same time, the government stated that it "will not oppose a departure to a criminal history category of Level II."

At sentencing, the district court agreed with counsel that defendant's criminal history category should be II and not III, as had been recommended in the PSR. However, the district court declined to lower defendant's adjusted offense level from 21 to 13, as suggested by defendant's counsel. Then the district court, acting on the basis that an offense level of 21, coupled with a criminal history category of II, resulting in an advisory guideline range of 41 to 51 months, concluded that there should be a downward departure from that guideline range and imposed a sentence of 36 months imprisonment. In so doing, the district court indicated that such, in its view, comported with the reasonableness requirement of 18 U.S.C. § 3553(a). Counsel, at the request of the defendant, then filed a timely notice of appeal, the defendant indicating to counsel that he wished to challenge the length of his 36-month sentence.

It is in this general setting that the defendant's counsel has filed in this court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. In his brief counsel states that after a review of the record in the case,

3

appellant's appeal is frivolous and should be dismissed, and further that he be allowed to withdraw. We agree.

In *Anders, supra,* the Supreme Court spoke as follows:

> . . . if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

*Id.* at 744.

Pursuant to our reading of *Anders, supra,* in *United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003), we spoke as follows:

> The basic principle underlying the cited cases is that, aside from when an appellant elects to proceed *pro se,* every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after a thorough review of all pertinent proceedings, the appeal is determined initially by counsel and then independently by the court to be wholly frivolous. *See generally Smith v. Robbins,* 528 U.S. 259, 279-80 (discussing and applying Court's present understanding of its 'chief cases in this area,' including *Anders, Penson*, and *McCoy.*

In that same case, at 1158, citing *McCoy v. Court of Appeals of Wisc. Dist. 1,* 486 U.S. 429, 438-39 (1988), we then spoke as follows:

4

As for the professional responsibilities of counsel, the appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. . . . Only after such an evaluation has led counsel to the conclusion that the appeal is 'wholly frivolous' is counsel justified in making a motion to withdraw. This is the central teaching of *Anders*.

*McCoy,* 486 U.S. at 438-39.

And finally, *in Snitz at 1158*, we then spoke as follows:

The court's obligation does not end once it concludes that counsel reviewed the record and found no error. Because it is 'the court-not counsel' that ultimately 'decides whether the case is wholly frivolous,' *Anders,* 386 U.S. at 744, counsel's assessment triggers the final responsibility of the court, which must 'itself conduct a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.' *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quoting *Anders*, 386 U.S. at 744).

We conclude that in the instant case, counsel for the defendant has followed the teaching of *Snitz*. Discharging our responsibility under *Snitz*, based on a full examination of the record before us, and a consideration of the *Anders* brief filed by counsel, we conclude that there are no non-frivolous issues upon which the defendant has a basis for appeal. *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005).

Appeal dismissed and motion to withdraw granted.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

5