**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

OMAR TAPIA-PARRA, a/k/a Omar
Tapia-Para,

     Defendant-Appellant.

No. 09-1070
(D.C. No. 1:08-CR-00094-WDM-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Omar Tapia-Parra pled guilty to a charge of illegal re-entry into the United

States after previous deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2),

and was sentenced to 36 months' imprisonment. Although his sentence was five

months below the recommended Guidelines range for his offense, Mr. Tapia-Parra

now appeals that sentence. His attorney has filed a brief pursuant to *Anders v.*

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for the appeal and seeking leave to withdraw. After careful review, we agree with counsel's assessment of the appellate arguments available to his client and thus grant the motion to withdraw and dismiss the appeal.

\* \* \*

The Supreme Court's decision in *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In evaluating the attorney's request, we are required to "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Tapia-Parra's attorney argues that this appeal is wholly frivolous because the district court's sentence was not an abuse of discretion. In addition, the attorney argues that the two other potential bases for appeal — that the plea was invalid or that counsel was ineffective — are equally meritless. Mr. Tapia-Parra was given the opportunity to identify, but has not

identified, any additional issues for appeal, and neither has our own review of the record turned up any other potentially meritorious issues.

As to the three potential arguments identified by counsel, we agree that each is unavailing. Turning first to the district court's sentencing decision, counsel correctly notes that a defendant can attack the reasonableness of his sentence in two ways. First, a defendant can argue that the sentence is procedurally unreasonable "if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Second, a defendant can argue that the sentence is substantively unreasonable "given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *Id.* We review both types of challenges for an abuse of discretion. *Id.*

Under either type of attack, Mr. Tapia-Parra cannot plausibly argue that the district court abused its discretion by imposing a 36-month prison sentence. First, the sentence was procedurally reasonable. The district court correctly calculated the recommended Guidelines range of 41-51 months, did not treat that range as mandatory, considered the § 3553(a) factors, and applied those factors in imposing a sentence five months lower than the recommended range. There is no indication from the record or any party that this analysis was deficient in any

way. Second, the sentence was substantively reasonable. The district court's five-month downward departure reflected a considered balancing of the defendant's circumstances, including his family's desire to have him back in Mexico as soon as possible, with the government's interest in deterring future illegal re-entry. Consequently, the court's reasoning comported with the analysis required under 18 U.S.C. § 3553(a). Indeed, in numerous other unpublished opinions, this court has granted *Anders* motions in nearly identical appeals. *See, e.g.*, *United States v. Hernandez-De Jesus*, 216 F. App'x 737, 739 (10th Cir. 2007) (dismissing appeal challenging 36-month sentence imposed pursuant to guilty plea for illegal re-entry, when the recommended Guidelines range was 41-51 months).

The only other two potential bases for appeal also lack merit. First, Mr. Tapia-Parra has no grounds to argue that his plea agreement was invalid. His previous deportation and illegal re-entry provide a clear factual basis for the plea. The district court properly conducted the plea hearing and informed Mr. Tapia-Parra about the consequences of his plea. And the record indicates that his acceptance of the plea was voluntary, knowing, and intelligent. *See United States v. Asch*, 207 F.3d 1238, 1242 (10th Cir. 2000). Second, to the extent that Mr. Tapia-Parra might seek to challenge his counsel's performance as ineffective, he must do so through collateral proceedings rather than direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (stating that

ineffective assistance claims brought on direct appeal are "presumptively dismissible, and virtually all will be dismissed").

For these reasons, we agree with Mr. Tapia-Parra's lawyer that there is no colorable basis for appeal. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge