**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 02-3146

ROBERT J. SNITZ,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 01-CV-3076-KHV)**

Submitted on the briefs:

Robert J. Snitz, Pro Se.

Eric F. Melgren, United States Attorney, Kim M. Berger, Assistant United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Before **EBEL**, **PORFILIO**, and **McCONNELL**, Circuit Judges.

**EBEL**, Circuit Judge.

Defendant Robert J. Snitz appeals from a district court order denying his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in which

he challenged his conviction, pursuant to a guilty plea, of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Snitz asserted that his plea was not knowing and voluntary; that the drugs underlying his conviction were discovered pursuant to an illegal search of his home; that counsel rendered ineffective assistance in the trial court proceedings by failing to challenge the search and by assuring him of a sentence reduction which did not occur; and that counsel failed to pursue a direct appeal as requested. After denying the motion, the district court granted a certificate of appealability on the last issue because its holding, that counsel's failure to file the requested appeal did not warrant relief given the meritlessness of defendant's asserted claims of error, was arguably in conflict with precedent presuming prejudice when attorney nonfeasance forfeits a client's direct criminal appeal. We hold that the district court did indeed deviate from the established understanding of prejudice in this context and, accordingly, we vacate its order on collateral review and remand with directions to vacate and reenter the judgment of conviction and sentence to enable defendant to pursue a direct appeal. [1]

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484-85 (2000); *Peguero v. United States*, 526 U.S. 23, 28 (1999); *Evitts v. Lucey*, 469 U.S. 387, 391-92, 399-400 (1985); *Rodriquez v. United States*, 395 U.S. 327, 329-30 (1969). We have consistently adhered to this rule. *See, e.g.*, *Johnson v. Champion*, 288 F.3d 1215, 1228 (10 th Cir. 2002) (following *Abels v. Kaiser*, 913 F.2d 821, 823 (10 th Cir. 1990)); *Hannon v. Maschner*, 845 F.2d 1553, 1558-59 (10 th Cir. 1988). The underlying principle is that "'[t]hose whose right to an appeal has been frustrated should be treated exactly like any other appellan[t]'" and, thus, the would-be appellant should not have to satisfy a special threshold "requirement . . . [to] 'specify the points he would raise were his right to appeal reinstated.'" *Roe*, 528 U.S. at 485 (quoting *Rodriquez*, 395 U.S at 330).

In this case, the district court acknowledged defendant's "credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence." R., doc. 64 at 12. The court also acknowledged what it characterized as the "general rule" of presumptive prejudice established in the case law cited above. *Id.* However, the court held that the presumption was "defeated" here "because [defendant] would not have won on either of his two

arguments on appeal" and "because defendant's present attorney admitted that an appeal on either issue would have been futile." [2] *Id.* at 12-13.

In effect, the district court held that while a defendant whose direct appeal has been lost by counsel is not required to specify the issues he would have raised in order to show prejudice, if he nevertheless suggests what his appellate issues would have been (e.g., by asserting additional, substantive claims in his § 2255 motion), he forfeits the presumption of prejudice and must demonstrate the merit of those claims before relief will be granted. [3] The district court did not cite any authority for this significant qualification on the presumptive-prejudice principle, nor has the government referred us to any in its appellate brief. We consider such an approach not only foreclosed as a matter of specific precedent but contrary to broader values embodied in and implemented by the criminal appellate process.

With regard to precedent, the district court's holding on prejudice does not draw out an implication inherent in the case law, or refine the law in a manner at least consistent with, if not compelled by, the cases. On the contrary, its holding

---

[2] The court referred only to two arguments, as defendant's allegations of trial counsel ineffectiveness would appropriately have been reserved for collateral review. *See United States v. Pearl*, 324 F.3d 1210, 1216 (10 th Cir.), *cert. denied*, 123 S. Ct. 2591 (2003).

[3] There is an obvious structural pressure on the § 2255 movant to assert substantive issues at the same time he raises a presumptive-prejudice claim: if he raises only the latter and his motion does not prevail, all other issues he could have raised are subject to the second-or-successive bar in § 2255 paragraph 8.

substantively conflicts with the precedent it purports to apply. The sharpness of this conflict may be obscured somewhat by the court's focus on one particular formulation of the presumptive-prejudice principle framing it in terms of merely an exemption from specifying issues–an exemption that might be seen simply to drop out of the analysis if the defendant nevertheless specifies his claims of error. But the conflict is readily apparent when the district court's holding is compared to other statements of the principle framed more directly in terms of not having to demonstrate the merit of the lost appeal. There is no tenable way to reconcile the district court's denial of relief, based on its conclusion that defendant would not have prevailed on appeal, with the precept that when courts find that a requested appeal has not been taken, "*they do not consider the merits of arguments that the defendant might have made on appeal,*" *Abels*, 913 F.2d at 823 (emphasis added); s*ee Roe,* 528 U.S. at 485 (stating defendant who instructed counsel to file appeal "was entitled to a new appeal *without any further showing*" (emphasis added)); *Peguero*, 526 U.S. at 28 (stating "when counsel fails to file a requested appeal, a defendant is entitled . . . to an appeal *without showing that his appeal would likely have had merit*" (emphasis added)).

This is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits. By treating the defendant exactly like any other appellant, the precedent we preserve intact today safeguards

important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel. When a criminal defendant exercises the right to seek appellate review of his conviction, both counsel and the appellate court are invested with critical responsibilities. Of particular relevance here are those recognized in *Anders v. California*, 386 U.S. 738, 744 (1967), and clarified in subsequent cases. *See, e.g.*, *Smith v. Robbins*, 528 U.S. 259, 279-81 (2000); *Penson v. Ohio*, 488 U.S. 75, 80-85 (1988); *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438-39, 442-43 (1988). While dealing specifically with the standards and procedures by which a court may allow appointed counsel to withdraw from representation and then dispose of the remaining uncounseled appeal, this line of authority has broadly articulated the constitutional duties that an appellate court and counsel fulfill. This same authority necessarily reflects the corresponding constitutional guarantees the would-be appellant is denied when counsel forfeits an appeal. The point we emphasize here is that these lost guarantees cannot effectively be replaced by a collateral prejudice assessment of the sort conducted by the district court in this case.

The basic principle underlying the cited cases is that, aside from when an appellant elects to proceed pro se, every direct criminal appeal must be briefed on the merits by counsel and decided accordingly by the court unless, after thorough

review of all pertinent proceedings, the appeal is determined initially by counsel

and then independently by the court to be wholly frivolous.     *See generally Smith* ,

528 U.S. at 279-80 (discussing and applying Court's present understanding of its

"chief cases in this area," including     *Anders* , *Penson* and *McCoy* ).[4]

As for the professional responsibilities of counsel,

> the appellate lawyer must master the trial record, thoroughly research
> the law, and exercise judgment in identifying the arguments that may
> be advanced on appeal. . . .  Only after such an evaluation has led
> counsel to the conclusion that the appeal is "wholly frivolous" is
> counsel justified in making a motion to withdraw.  This is the central
> teaching of  *Anders* .

*McCoy* , 486 U.S. at 438-39 (footnote omitted);     *see Penson* , 488 U.S. at 84-85

(noting appeals, like trials, "require careful advocacy to ensure that rights are not

forgone and that substantial legal and factual arguments are not inadvertently

passed over");  *see also  Smith* , 528 U.S. at 281 (noting importance of counsel's

brief in "ensur[ing] that a trained legal eye has searched the record for arguable

---

[4]     Here we observe that the court did not even purport to consider
*frivolousness* ; it merely noted its view, with which defendant's attorney evidently
concurred, that defendant would not ultimately have prevailed on appeal.  Thus,
the district court indirectly deprived defendant of his appeal rights, by refusing to
remedy their forfeiture by counsel, on the basis of a determination plainly
insufficient to authorize such a forfeiture directly under     *Anders* procedures.  *See
Smith* , 528 U.S. at 279.  We hasten to add, however, that the constitutional
difficulties with the district court's approach would not be obviated merely by use
of a more appropriate standard for its collateral assessment of prejudice.  The
duties of counsel and the court–and the corresponding protections they afford the
appellant–recognized in the     *Anders* case law go much deeper than that.

issues"). The performance of these duties is enforced by the court, which may not allow an attorney to withdraw until it "'satisf[ies] itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal.'" *Penson*, 488 U.S. at 83 (quoting *McCoy*, 486 U.S. at 442). The district court's recitation that defendant's § 2255 counsel conceded the futility of appealing *the two issues defendant himself had raised* did not touch on counsel's essential role in bringing professional expertise to bear in *identifying* issues. Indeed, it is not clear from the court's discussion whether counsel even read the record for this purpose. Furthermore, there is in any event a critical difference between counsel's issue-spotting and argument-presentation on direct appeal and in § 2255 proceedings: because the right to counsel extends to appeal but not collateral review, the adequacy of counsel's performance of this duty on appeal may subsequently be tested though a claim of ineffective assistance, *see Smith*, 528 U.S. at 284-87, while no such corrective is available with respect to § 2255 proceedings, *see Sanchez v. United States*, 50 F.3d 1448, 1456 (9 th Cir. 1995); *Dyer v. United States,* 23 F.3d 1421, 1423 (8 th Cir. 1994); *see also Hunt v. Nuth*, 57 F.3d 1327, 1340 (4 th Cir. 1995).

The court's obligation does not end once it concludes that counsel reviewed the record and found no error. Because it is "the court–not counsel" that ultimately "decide[s] whether the case is wholly frivolous," *Anders*, 386 U.S. at

744, counsel's assessment triggers the final responsibility of the court, which must "itself conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" *Penson*, 488 U.S. at 80 (quoting *Anders*, 386 U.S. at 744). Here, again, the district court referred only to the two claims defendant raised, giving no indication that it had reviewed the record with an eye toward uncovering additional potential claims. And, to the extent that the court deemed the concession by defendant's counsel sufficient to obviate the need for such independent judicial review, its understanding of the constitutional rights and duties involved flies directly in the face of the cited authorities.

Finally, we note that the Supreme Court considered and flatly rejected a prejudice argument in the *Anders* context analogous to the position taken by the district court here. In *Penson*, the State argued that even if the defendant had been denied representation on appeal, the error did not involve actionable prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The thrust of the State's position was that because the appellate court had gone on to review the defendant's convictions on the merits and had held that (with one exception) there were no grounds for reversal, the loss of counsel's assistance through the *Anders* violation could not have had an adverse effect on the outcome of the proceeding.

Adhering to a presumptive-prejudice rule that mirrors the rule we follow here, [5] the Court succinctly exposed the fallacy in the State's argument. By excusing an *Anders* violation on the basis of a prejudice determination lacking the very constitutional protections *Anders* was meant to guarantee, the State's position effectively wrote *Anders* out of the process. Thus, "[t]he primary difficulty with the State's argument [and the district court's parallel approach to the *Rodriquez* violation here] is that it proves too much. . . . [A]dopting the State's view would render meaningless the protections afforded by . . . *Anders*." *Penson*, 488 U.S. at 86.

Defendant is entitled to a direct appeal of his conviction. To effectuate this right, we direct the district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal. Further, as defendant must be treated "exactly like any other appellant," his appeal should not be limited in scope or rigor of review by considerations of issue preclusion which might be thought to arise from the district court's disposition of the substantive claims asserted herein. We therefore also fully vacate the district court's judgment in this § 2255 proceeding.

---

[5]     Prejudice is presumed in the *Anders* context based on the "complete denial of counsel," *Smith*, 528 U.S. at 286, while prejudice is presumed in the present context based on the "even more serious denial of the entire judicial proceeding itself," *Roe*, 528 U.S. at 483.

The judgment of the district court in this § 2255 proceeding is VACATED, and the cause is REMANDED with directions to vacate and reenter defendant's judgment of conviction and sentence to allow a direct appeal therefrom.