**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**MAY 2 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT J. SNITZ,

Defendant - Appellant.

No. 03-3375

(D. Kansas)

(D.C. No. 99-CR-20055-KHV)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Robert J. Snitz ("Snitz") pled guilty to possession with intent to distribute cocaine. He appeals his ninety-seven-month sentence, contending that it was imposed in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).[1] We affirm.

## BACKGROUND

Pursuant to a written plea agreement, Snitz pled guilty to a one-count indictment charging him with possession with intent to distribute approximately 213.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The plea agreement contained the following description of the facts:

> On or about June 2, 1999, Kansas City, Kansas police officers were dispatched to the residence of 4717 Leavenworth Road, Kansas City, Kansas, on a reported disturbance with shots fired. Upon their arrival, they met the defendant, Robert J. Snitz. . . . The officers informed Snitz of the purpose of their presence and that they needed to check on the welfare of anyone inside the house. . . . As officers entered a bedroom, they observed, in plain sight, a single rock of suspected crack cocaine, a pipe commonly used to smoke cocaine, and a syringe on the nightstand. They also observed in plain view a revolver on a makeshift shelf along the wall. . . . A search warrant was obtained for the residence and a substantial amount of suspected crack cocaine was recovered from inside the residence and in the back yard of the residence. The total weight of the cocaine recovered was approximately 213.6 grams. . . . Additionally, approximately

---

[1] When the defendant raised Blakely before this court, the Supreme Court had not yet issued United States v. Booker, 125 S. Ct. 738 (2005). Snitz, however, raised Booker in supplemental briefing, and we apply both cases.

$12,050.00 in U.S. currency was recovered from the residence as well as 4 handguns.

Plea Agreement, Appellant's App., Vol. I at 26-27. The plea agreement also contained an admission by Snitz that "if this matter had proceeded to trial the government could produce evidence" to support the facts recited in the agreement. Id. at 26.

On August 30, 1999, Snitz entered his guilty plea at a change-of-plea hearing. At the hearing, the government read parts of the plea agreement's factual basis, quoted above, into the record. The prosecutor, however, did not at that time mention any of the facts relating to the seized firearms.

Snitz was sentenced on February 28, 2000. The 213.6 grams of cocaine in the indictment established a United States Sentencing Commission, Guidelines Manual ("USSG" or "Guidelines"), base offense level of 34. Snitz was assessed a two-level enhancement under USSG §2D1.1(b)(1) for possession of a dangerous weapon, assessed a three-level downward departure under §3E1.1 for acceptance of responsibility and, pursuant to a government motion, was assessed a four-level downward departure under §5K1.1 for substantial assistance to the government in the investigation and prosecution of other crimes. This resulted in a total offense level of 29, and, with a criminal history category of II, yielded a sentencing range

of 97 to 121 months.  The district court sentenced Snitz to ninety-seven months, the bottom of the range.  Snitz then filed this appeal.[2]

## DISCUSSION

On appeal, Snitz argues (1) that his sentence violates the constitutional holding of Blakely/Booker because the facts underlying the gun enhancement were found by the judge, rather than a jury, and because absent the enhancement he would have been sentenced to between 78 and 97 months, a sentence possibly 19 months shorter than the sentence he received; and (2) that his sentence violates the non-constitutional holding of Booker because the judge believed she was

---

[2]The district court entered final judgment in this case on March 7, 2000. No notice of appeal was filed by Snitz's attorney, and Snitz, acting pro se, filed a 28 U.S.C. § 2255 petition alleging ineffective assistance of counsel.  The district court held a hearing and determined that trial counsel did fail to file the appeal, but concluded that relief was unwarranted because an appeal would have been meritless.  The district court granted a certificate of appealability on this issue, and this court subsequently held that Snitz was entitled to pursue a direct appeal. See United States v. Snitz, 342 F.3d 1154, 1159 (10th Cir. 2003).  This court directed the district court to vacate and re-enter its judgment of conviction and sentence to allow defendant to file a timely appeal and noted that Snitz was to be treated "like any other appellant." Id.  The district court's Amended Judgment in a Criminal Case was entered on November 10, 2003, and Snitz filed his pro se notice of appeal on December 11, 2003.  This court then partially remanded the case to the district court for a determination of whether Snitz's failure to comply with Fed. R. App. P. 4(b)(1)(A)(I), which provides that a notice of appeal must be filed within ten days of the entry of judgment, was based on excusable neglect. On March 19, 2004, the district court entered an order finding that the delay was based on excusable neglect and that the notice of appeal was timely filed.  The appeal is now properly before us for adjudication on the merits.

acting under a mandatory, rather than advisory, sentencing scheme when she imposed the punishment.

The Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. In Booker, the Supreme Court also held that the Guidelines are no longer to be applied mandatorily, but district courts are required to consult them in an advisory fashion. United States v. Labastida-Segura, 396 F.3d 1140, 1142 (10th Cir. 2005). There are two distinct types of error that a court sentencing prior to Booker could have made: constitutional Booker error, which occurs when a judge finds facts that enhanced a defendant's sentence mandatorily, and non-constitutional Booker error, which occurs when a sentencing court applies the Guidelines in a mandatory, as opposed to discretionary, fashion. United States v. Gonzalez-Huerta, No. 04-2045, __ F.3d __, 2005 WL 807008, at *3 (10th Cir. Apr. 8, 2005) (en banc).

Because Snitz raised neither the constitutional nor non-constitutional holding of Booker below, but argues both on appeal, we review both for plain error. Id. at *3; see also Booker, 125 S. Ct. at 769 ("[W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether

-5-

the issue was raised below and whether it fails the 'plain-error' test."). Reversal under the plain-error standard requires "(1) an error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 2005 WL 807008, at *3.

First, we reject the argument that the district court committed constitutional error in sentencing Snitz because we conclude that he admitted to the gun possession, which was the fact underlying the enhancement. Blakely/Booker do not apply to sentences based on facts which have been admitted by the defendant. Blakely, 124 S. Ct. at 2537; Booker, 125 S. Ct. at 756. As indicated above, Snitz signed a plea agreement in which he acknowledged that the government had evidence of the facts recited therein, including that officers "observed in plain view a revolver on a makeshift shelf along the wall" in Snitz's residence and later recovered four handguns from the home. Plea Agreement, Appellant's App., Vol. I at 26. See Shepard v. United States, 125 S. Ct. 1254, 1257 (2005) (holding that a court may look at a written plea agreement to determine the character of a

defendant's admissions).[3] The Sixth Amendment holding in <u>Booker</u> thus does not apply to the two-point firearms enhancement.

Snitz next argues that the district court committed non-constitutional <u>Booker</u> error by mandatorily applying the Guidelines. Assuming there was error in sentencing Snitz under the Guidelines, and that the error was plain, <u>Gonzalez-Huerta</u>, 2005 WL807008, at *3, Snitz cannot meet the third prong of the plain-error test. To affect substantial rights, an error must have been prejudicial and "must have affected the outcome of the district court proceedings." <u>United States v. Cotton</u>, 535 U.S. 625, 632 (2002). The burden is on the defendant to demonstrate that the error affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 734-35 (1993). In such cases, the defendant is required to show a "reasonable probability" that the purported error altered the result of the sentencing proceedings. <u>United States v. Dominguez-Benitez</u>, 124 S. Ct. 2333, 2339 (2004). "[A defendant] can make this showing by demonstrating a reasonable probability that had the district court applied the post-<u>Booker</u> sentencing framework, he would have received a lesser sentence." <u>United States</u>

---

[3]In addition to admitting to the gun possession in the plea agreement, Snitz failed to object to the detailed descriptions of the seized weapons in the Presentence Investigation Report. However, it is unnecessary for us to determine whether Snitz's failure to object to the PSR constitutes a further admission in this case because we have already concluded that Snitz admitted to the gun possession in the plea agreement.

v. Trujillo-Terrazas, No. 04-2075, 2005 WL 880896, at *2 (10th Cir. Apr. 13, 2005).

Snitz has failed to point to anything specifically demonstrating a reasonable probability that the judge would have sentenced him any differently in a post-Booker world. As the government points out, the comments of the district court at sentencing indicate that the court believed it could have imposed a shorter sentence because it was considering the application of a §5K1.1 departure. Under that section, the appropriateness of a reduction for substantial assistance and the amount of any reduction are in the court's sole discretion. See USSG §5K1.1 ("The appropriate reduction shall be determined by the court.").

In Snitz's case, the district court heard argument from both sides as to the appropriate reduction. The government recommended a four-level decrease, but the defense argued for probation or, alternatively, for a decrease that would result in a sentence of twenty-seven months. The court then acknowledged it had discretion in these types of cases, denied the defense's "huge" reduction request, and stated its reasons for imposing the four-level departure the government recommended:

> I think in the interest of having comparable sentences imposed, you know, for comparable offenses and given comparable assistance, that I am constrained to give a departure in this case which is in line with the departures that we give in other cases where similar assistance is involved for similar offenses and similar criminal history points, and I think that the Government's recommendation is squarely within the

range of how we have handled other cases and I think it's appropriate for this case.

Tr. of Sentencing Hr'g, Appellant's App., Vol. I at 116. The very nature of the judge's comments demonstrate that she was acting with discretion. Cf. Trujillo-Terrazas, 2005 WL 880896, at *4 (finding that judge's comment "I have to do what I have to do" demonstrated that he felt constrained by the mandatory nature of the Guidelines). The defendant has therefore failed to demonstrate a reasonable probability that his sentence would have been different had the judge viewed the Guidelines as merely advisory.

## CONCLUSION

For the foregoing reasons, we AFFIRM Snitz's sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge