**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS ILDEBRANDO
AVALOS-ESTRADA,

Defendant-Appellant.

No. 07-4054
(D.C. No. 2:04-CR-578-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Carlos Ildebrando Avalos-Estrada pleaded guilty to illegally reentering the

United States after having been previously removed.  He was sentenced to seventy

months in prison and ordered removed upon completion of his term of

imprisonment.  He now appeals his sentence, claiming it to be in violation of

*United States v. Booker*, 543 U.S. 220 (2005).  We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Mr. Avalos-Estrada pleaded guilty to a one-count indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. According to the stipulated facts, Mr. Avalos-Estrada previously had been removed from the United States on December 3, 2002, reentered this country without authorization, and was found present in Utah on June 21, 2004. His presentence report calculated an applicable sentencing range under the United States Sentencing Guidelines of 70 to 87 months. Although he moved for a downward departure, Mr. Avalos-Estrada did not object to the calculated sentencing range. After a hearing, the district court denied his motion for downward departure and applied the guidelines in a mandatory fashion, sentencing him to seventy months in prison. Now on appeal, Mr. Avalos-Estrada contends the district court's mandatory application of the sentencing guidelines contravenes the Supreme Court's decision in *Booker* and warrants reversal.[1]

---

[1] The district court originally entered final judgment in this case on December 20, 2004. Mr. Avalos-Estrada's attorney never filed a timely notice of appeal, however. Consequently, on February 18, 2005, Mr. Avalos-Estrada moved pro se to file an untimely appeal, averring that despite his explicit instructions, his attorney failed to file the notice of appeal. The motion was referred to a magistrate judge who, based on the parties' stipulation, concluded that Mr. Avalos-Estrada's attorney had in fact failed to file the appeal as directed and thereby rendered ineffective assistance of counsel. With Mr. Avalos-Estrada's consent, the magistrate judge recommended that his motion be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and that the motion be granted. The district court judge adopted the magistrate judge's report and recommendation and concluded that

(continued...)

## II

In *Booker*, the Supreme Court identified two potential types of error that a sentencing court could have made prior to that decision: constitutional and non-constitutional. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). As is relevant here, non-constitutional error occurs when a court applies the sentencing guidelines in a mandatory, rather than discretionary, fashion. *Id.* at 732. The government acknowledges that non-constitutional *Booker* error occurred at sentencing. Yet because Mr. Avalos-Estrada did not preserve the issue below, we review for plain error. *United States v. Bowen*, 437 F.3d 1009, 1021 (10th Cir. 2006).

To establish plain error, Mr. Avalos-Estrada must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732. Non-constitutional *Booker* error clearly satisfies the first two prongs of plain error analysis. *Id.* To satisfy the third prong, however, Mr. Avalos-Estrada "must show a reasonable probability that, but

---

[1](...continued)
Mr. Avalos-Estrada was entitled to pursue a direct appeal. To effectuate that remedy, the district court vacated and reentered its judgment in accord with *United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003), so as to allow Mr. Avalos-Estrada to file a timely appeal. The court entered its amended judgment on March 1, 2007, and Mr. Avalos-Estrada filed his notice of appeal on March 5, 2007. The appeal is now properly before us for adjudication on the merits.

for the error claimed, the result of the proceeding would have been different." *United States v. Najar*, 451 F.3d 710, 721 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 127 S.Ct. 542 (2006).

Mr. Avalos-Estrada claims that the result of his proceeding would have been different because the district court wished to impose a shorter sentence but believed itself bound by the "mandatory Guideline scheme." Aplt. Br. at 7. But the transcript from the sentencing hearing indicates that when given the opportunity to impose a lower sentence, the court declined to do so because the facts in the case warranted a sentence within the calculated guideline range:

> I'm going to deny the motion for a downward departure. I'm aware that I have the discretion to depart downward, but I just don't think that the facts support it here. I agree with [defense counsel] that this is an awfully long sentence for what's basically an illegal reentry, but when you break it down, the length of it is attributable to the criminal history category V, and when you look at how the Guidelines arrive at that criminal history category V, I'm not sure there is anything unusual here. . . . There is [] the additional points for the defendant having come back to the United States so quickly after having been deported, and that's happened multiple times. So I tend to agree, and I've said it before, I think the Guidelines are a bit too high on immigration offenses, but I'm not sure that this particular offense is unusual, given the vast range of offenses that I see here.

R., Vol. II at 7. Given these remarks, we cannot say the court's mandatory application of the guidelines affected the outcome of the proceeding.

Still, even if Mr. Avalos-Estrada could meet the third prong of plain error review, he cannot satisfy the "demanding" fourth prong, which requires that he show our failure to notice the error would be "particularly egregious" and result

-4-

in a "miscarriage of justice." *United States v. Dazey*, 403 F.3d 1147, 1178 (10th Cir. 2005) (internal quotation marks omitted). Most cases involving non-constitutional error will be unable to satisfy this burden, *Trujillo-Terrazas*, 405 F.3d 814, 820-21 (10th Cir. 2005), and Mr. Avalos-Estrada's is no exception. His is a "run of the mill" case, *id.* at 820, lacking a constitutional dimension, *cf. Dazey*, 403 F.3d at 1178, and outside the "zone of speculation and conjecture" of what might have happened post-*Booker*, *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge