FILED
United States Court of Appeals
Tenth Circuit

July 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICARDO ORTEGA-SAUCEDO,

      Defendant-Appellant.

No. 11-3381

(D.C. No. 2:11-CR-20050-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Ricardo Ortega-Saucedo (Ortega) pled guilty to one count of illegal

reentry of a deported alien after a prior conviction for an aggravated felony, in violation

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to a term of imprisonment of 71 months. On appeal, Ortega's counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Ortega was provided with a copy of the <u>Anders</u> brief, but has filed no response thereto. The government has declined to file a brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

On July 1, 2011, Ortega was indicted by a federal grand jury on one count of illegal reentry of a deported alien after a prior conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The indictment alleged that on June 23, 2011, Ortega, an alien, was found to be knowingly and unlawfully in the United States. The indictment further alleged that Ortega had previously been convicted in Arizona state court of aggravated assault/domestic violence, and in federal court of illegal reentry after deportation. Lastly, the indictment alleged that Ortega had "been removed and deported from the United States on or about June 29, 2006, and [again on] March 21, 2009." ROA, Vol. 1, at 6.

On August 9, 2011, Ortega pleaded guilty to the single count alleged in the indictment. In accepting Ortega's plea, the district court expressly found "that the plea of guilty was made by the defendant freely, voluntarily, and because he . . . is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences." <u>Id.</u> at 22.

After Ortega entered his plea, a probation officer prepared and filed with the district court a presentence investigation report (PSR). The PSR, employing the November 1, 2011 edition of the United States Sentencing Commission's Guidelines Manual, calculated Ortega's total offense level as 21 and his criminal-history category as IV, resulting in an advisory guidelines range of imprisonment of 57 to 71 months. Neither Ortega nor the government objected to the PSR's findings and recommendations.

The district court conducted a sentencing hearing on December 13, 2011. Ortega's counsel asked the district court "not to go above the low end of the guidelines" range of imprisonment. ROA, Vol. 2, at 15. The district court rejected that request, however, and imposed a sentence of "71 months in custody," to "be followed by two years of supervised release." Id. at 16. In doing so, the district court stated:

> I do not think that a sentence at the low end of the guideline range would be appropriate given your prior federal conviction for illegal reentry after deportation, the crime of violence, and aggravated assault, and at least ten prior encounters with the boarder [sic] patrol. But I do think a sentence in the guideline range is appropriate. I don't see anything in this case which would take defendant's circumstances out of the heartland of cases that are usually addressed by these guidelines.

Id.

Judgment was entered in the case on December 15, 2011. Ortega filed a notice of appeal on December 21, 2011. His counsel has since filed with this court an Anders brief and a motion to withdraw. Although Ortega was provided with a copy of the Anders brief, he has filed no response to it.

3

II

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (internal quotations omitted).

Having conducted such an examination in this case, we agree with Ortega's counsel that the appeal is wholly frivolous. The record on appeal establishes that Ortega's guilty plea was knowing and voluntary, and neither Ortega nor his counsel assert otherwise. Turning to the sentencing proceedings, neither Ortega nor the government objected to the advisory guidelines range calculated by the PSR, which was adopted in full by the district court. Further, our own review of the record indicates that the advisory guidelines range was correctly calculated. As for the sentence imposed by the district court, it was within the advisory guidelines range and was selected by the district court after consideration of the factors outlined in 18 U.S.C. § 3553(a). Consequently, we conclude that the sentence imposed was both procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007).

4

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge