FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RONALD PAUL MCALLISTER,

     Defendant-Appellant.

No. 12-5063

(D.C. No. 4:CR-04-00013-CVE-1)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Ronald McAllister appeals from the district court's decision to revoke

his supervised release and impose a twenty-four-month revocation sentence. McAllister's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appellate counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel.  <u>See</u>

<u>Anders v. California</u>, 386 U.S. 738, 744 (1967).  McAllister was provided with a copy of

the <u>Anders</u> brief, but has filed no response thereto.  The government has declined to file a

brief.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to

withdraw and dismiss the appeal.

I

In March 2004, McAllister pleaded guilty to a single count of bank robbery, in

violation of 18 U.S.C. § 2113(a).  McAllister was sentenced to a term of imprisonment of

eighty-four months, to be followed by a three-year term of supervised release.

McAllister completed his term of imprisonment and began his term of supervised

release on February 26, 2010.  ROA, Vol. 1, at 22.  On August 4, 2011, McAllister's

probation officer filed an order on supervised release alleging that McAllister had

violated the terms of his supervised release on July 3, 2011, by operating a vehicle while

under the combined influence of alcohol and drugs, driving with a revoked driver's

license, and leaving the scene of an accident involving damage.  <u>Id.</u> at 23.  On September

30, 2011, the district court modified the conditions of McAllister's supervised release to

require him to enter and successfully complete up to thirty days of inpatient substance

abuse treatment, followed by ninety days of halfway house substance abuse treatment.  <u>Id.</u>

at 47.

On November 23, 2011, McAllister's probation officer filed a second order on

supervised release alleging that McAllister had violated the modified conditions of his

supervised release by being administratively discharged, due to misconduct, from the halfway house substance abuse treatment. Supp. ROA, Vol. 1, at 15. McAllister stipulated to that violation in open court. Id., Vol. 2, at 12.

On April 2, 2012, McAllister's probation officer filed a third order on supervised release alleging that "[o]n November 18, 2011, McAllister robbed the . . . same bank he robbed in 2004 in his original offense." Id., Vol. 1, at 23. According to the probation officer, "McAllister was named in a one-count Indictment filed in the Northern District of Oklahoma on December 6, 2011," and "[h]e entered a guilty plea [in that case] on January 11, 2012." Id. McAllister stipulated to the violation in open court on April 11, 2012. Id., Vol. 2, at 17.

At the conclusion of the April 11, 2012 hearing, the district court revoked McAllister's supervised release and sentenced him to a term of imprisonment of twenty-four months, to run consecutively to the sentence imposed in connection with his new bank robbery conviction, and to be followed by a twelve-month term of supervised release. Id. at 23. In doing so, the district court followed the advisory guideline provisions without objection from either party, and it expressly considered the factors outlined in 18 U.S.C. § 3553(a). Id. at 19-23. Although McAllister's counsel requested that the revocation sentence be ordered to run concurrently with the sentence imposed in connection with the new bank robbery, the district court rejected that request. Id. at 20.

Judgment was entered in the case on April 13, 2012. McAllister filed a notice of appeal that same day. His counsel has since filed with this court an Anders brief and a

3

motion to withdraw. Although McAllister was provided with a copy of the Anders brief, he has filed no response to it.

II

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (internal quotations omitted).

Having conducted such an examination in this case, we agree with McAllister's counsel that the appeal is wholly frivolous. To begin with, it is undisputed that McAllister knowingly and voluntarily stipulated to each of the alleged violations of supervised release, including, most notably, the allegation that he committed a bank robbery. Consequently, it was not only within the district court's discretion to revoke McAllister's term of supervised release and impose a revocation term of imprisonment pursuant to 18 U.S.C. § 3583(e)(3), such action was mandated by § 7B1.3(a)(1) of the United States Sentencing Guidelines.

In fashioning the specifics of McAllister's revocation sentence, the district court

4

correctly, and without objection from either party, classified McAllister's most serious violation of supervised release (his bank robbery) as a Grade A violation under U.S.S.G. § 7B1.1(a)(1), and in turn determined that, under U.S.S.G. § 7B1.4(b)(1) and 18 U.S.C. § 3583(e)(3), twenty-four months was the maximum statutory prison sentence that could be imposed upon revocation of McAllister's supervised release (even though the recommended range of imprisonment for McAllister under U.S.S.G. § 7B1.4(a), based on a Grade A violation and a criminal history category of VI, was thirty-three to forty-one months). The district court also expressly considered on the record, and again without objection from either party, the factors outlined in 18 U.S.C. § 3553(a). After doing so, the district court imposed the statutory maximum sentence of twenty-four months, to be followed by a twelve-month term of supervised release. And, although McAllister's counsel requested that the revocation sentence be ordered to run concurrently with the sentence imposed for McAllister's bank robbery conviction, the district court properly complied with the mandate of U.S.S.G. § 7B1.3(f) and ordered the revocation sentence to run consecutively. Thus, in sum, there is no question that the sentence imposed by the district court was both procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

5