**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MARIO ROBERTO MARTINEZ-
MARTINEZ,

      Defendant–Appellant.

No. 12-2154
(D.C. No. 2:07-CR-02454-WJ-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Mario Roberto Martinez-Martinez appeals following his guilty plea to a

supervised release violation. His counsel moves for leave to withdraw in a brief filed

pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel's second Anders motion

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

is before us. We denied the first motion in an Order dated July 16, 2013, because counsel provided no evidence that he had conducted "a diligent and thorough search of the record for any arguable claim that might support the client's appeal." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (quotation omitted). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we now dismiss the appeal and grant counsel's motion to withdraw.

## I

On October 21, 2007, Martinez-Martinez was arrested for illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a)(1)-(2). After pleading guilty, Martinez-Martinez was sentenced to a thirty-month term of imprisonment and three years of supervised release. As a condition of his supervised release, Martinez-Martinez was barred from re-entering the United States without legal authorization.

Martinez-Martinez was arrested in New Mexico on March 8, 2011. On September 10, 2012, he admitted to a supervised release violation for his illegal re-entry and the court imposed a sentence of twelve months and one day imprisonment in a case docketed as 07-cr-2454. On the same day, Martinez-Martinez pled guilty to an illegal re-entry charge and was sentenced to thirty-seven months' imprisonment in a case docketed as 11-cr-426. The two sentences were to run consecutively. Although Martinez-Martinez was represented by counsel in the district court proceedings, he filed his notice of appeal pro se, claiming ineffective assistance of counsel and referencing only one case number, 07-

cr-2454.  Accordingly, only case 07-cr-2454 is before us.

Martinez-Martinez's court-appointed counsel filed an Anders brief and a motion to withdraw, and provided Martinez-Martinez with notice of the Anders brief.  Martinez-Martinez subsequently filed a supplemental brief, claiming that his sentence was substantively unreasonable.  The government declined to file an answer brief.

## II

If an attorney, after conscientiously examining a case, concludes that any appeal would be frivolous, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744.  Counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant.  Id.  The defendant may then submit a pro se brief.  Id.  If the court determines that the appeal is in fact frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal.  Id.

In the revised Anders brief, counsel discusses Martinez-Martinez's request for the separate sentences to run concurrently.  "Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences."  United States v. Rodriquez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006) (citation omitted).  Nothing in the record indicates that the district court abused its discretion in this case.  Nor have we uncovered any potentially meritorious issues in our independent review of the record.

## III

3

We **GRANT** counsel's motion to file a brief out of time.  Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

<div style="margin-left: 45%;">

Entered for the Court


Carlos F. Lucero
Circuit Judge

</div>

4