**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HENRY WILLIAM GARCIA,

    Defendant - Appellant.

No. 13-2210
(D.C. No. 1:12-CR-01669-JB-1)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Henry Garcia pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to a term of imprisonment of 37 months.  Garcia timely appealed.

Garcia's counsel has filed an Anders brief and a motion to withdraw as counsel.  See

Anders v. California, 386 U.S. 738, 744 (1967).  Exercising jurisdiction pursuant to 28

U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

On July 10, 2012, a federal grand jury indicted Garcia on one count of being a

felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2).  Approximately a year later, on July 12, 2013, Garcia pleaded guilty to the

single count alleged in the indictment.

The United States Probation Office prepared a presentence investigation report

(PSR).  The PSR assigned Garcia a total offense level of 21 and a criminal history

category of VI, resulting in an advisory Guidelines imprisonment range of 77 to 96

months.  The PSR noted, however, that a downward variance to a term of imprisonment

of 60 months would be appropriate given the nature of the offense (including the fact that

Garcia may have felt threatened by one of the individuals who asked him to sell the

firearm and ammunition) and Garcia's history and personal characteristics (including

Garcia's personality disorder, his history of substance abuse, and the disabilities he

incurred as a result of an automobile accident).  Garcia did not dispute the PSR's

calculations, but he did file a sentencing memorandum requesting a 24-month term of

imprisonment and a 3-year term of supervised release.

The district court held a sentencing hearing on October 30, 2013.  The district

court adopted the PSR's factual findings and calculations as its own. The government orally moved, pursuant to U.S.S.G. § 3E1.1(b), for a one-level downward adjustment in Garcia's offense level for acceptance of responsibility. That motion was granted by the district court. Ultimately, the district court sentenced Garcia to a term of imprisonment of 37 months, to be followed by a 2-year term of supervised release.

The district court entered final judgment on November 18, 2013. Garcia filed a timely notice of appeal. Garcia's counsel has since filed an <u>Anders</u> brief and a motion to withdraw. Although this court twice attempted to notify Garcia of counsel's <u>Anders</u> brief, all mail was returned as undeliverable. The government declined to file a brief.

## II

Under <u>Anders</u>, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." <u>Id.</u> The client is permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." <u>United States v. Snitz</u>, 342 F.3d 1154, 1158 (10th Cir. 2003) (internal quotations omitted). "Frivolous means lacking a legal basis or legal merit; not serious; not reasonably purposeful." <u>United States v. Lain</u>, 640 F.3d 1134, 1137 (10th Cir. 2011) (brackets and internal quotation marks omitted).

After reviewing the record, we agree with counsel's assessment that on the record presented there are no meritorious issues for appeal. There is no dispute as to the underlying facts of Garcia's crime, nor is there any dispute that those facts amply support the felon-in-possession charge to which Garcia pleaded guilty. Further, the district court expressly found that Garcia's plea of guilty was "freely, voluntarily, and intelligently made," Dist. Ct. Docket No. 66 at 1, and there is no basis in the record for challenging that finding. Finally, we see no basis in the record for concluding that the sentence imposed by the district court was procedurally or substantively unreasonable. Indeed, Garcia received a substantial downward variance from the advisory Guidelines range.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge