**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM BELIN,

      Defendant-Appellant.

No. 16-2082
(D.C. Nos. 1:13-CV-00532-MV-RHS
& 1:10-CR-02213-MV-1)
(D. N.M.)

_____

**ORDER**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

Mr. William Belin shot his girlfriend and was convicted in federal court on various charges. After unsuccessfully appealing, Mr. Belin moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied this motion, and Mr. Belin wants to appeal. To do so, he seeks a certificate of appealability and leave to proceed in forma pauperis. We decline to issue a certificate of appealability, dismiss the appeal, and deny leave to proceed in forma pauperis.

**I.**    **Standard for a Certificate of Appealability**

To obtain a certificate of appealability, Mr. Belin must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2) (2012). Mr. Belin would meet this standard only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## II.    Claims of Ineffective Assistance of Counsel

In his motion, Mr. Belin alleges ineffective assistance of counsel based on

- pretrial counsel's inadequate investigation and encouragement to make a plea offer, and

- trial counsel's failure to object to the introduction of other evidence, failure to object to jury instructions, failure to assert intoxication as a defense, and allowance of due process violations.

Mr. Belin acknowledges that his motion in district court was improperly prepared and lacking in facts. Appellant's Opening Br. at 4-5, 8-9. We agree. Because the motion was facially deficient, there are no reasonable grounds for appeal.[1]

### A.    The Standard for Ineffective Assistance of Counsel

To prevail on his ineffective-assistance claims, Mr. Belin must show that

---

[1]    Mr. Belin states that the motion was prepared by a jailhouse lawyer who did a poor job. But there is no right to effective assistance of counsel in proceedings under § 2255. *United States v. Snitz*, 342 F.3d 1154, 1158 (10th Cir. 2003).

- his counsel's representation "fell below an objective standard of reasonableness" and

- "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

## B.     Claims Involving Pretrial Counsel

For a short period of time before trial, Mr. Belin was represented by an assistant public defender. According to Mr. Belin, the assistant public defender improperly failed to investigate the case and encouraged a plea offer. But another attorney replaced the assistant public defender, and Mr. Belin went to trial with the new attorney. Mr. Belin does not say how he was prejudiced by the assistant public defender's failure to investigate or encouragement to offer a guilty plea. Thus, we decline to issue a certificate of appealability on these claims.

## C.     Claims Involving Trial Counsel

All of the claims involving trial counsel are patently invalid.

### 1.     Failure to Object to Admission of Evidence About Prior Assaults

Mr. Belin contends that his trial attorney was ineffective for failing to object to evidence of two prior assaults. At trial, the district court addressed admissibility even though defense counsel had not objected. In addressing the issue, the court ultimately concluded that the evidence was admissible. In light of this ruling, an objection would have proven

3

fruitless. As a result, we decline to issue a certificate of appealability on this claim.

**2.    Failure to Object to Jury Instructions**

Mr. Belin also claims that trial counsel was ineffective in failing to object to jury instructions. But Mr. Belin does not identify the problematic jury instructions. Without identification of the problematic instructions, we have nothing to review. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Accordingly, this claim does not merit a certificate of appealability.

**3.    Abandonment and Failure to Assert Intoxication as a Defense**

Mr. Belin argues that his trial counsel was ineffective for failing to raise intoxication as a defense. Trial counsel pursued a different theory: accident. Mr. Belin does not say why an intoxication theory would have been better than trial counsel's theory that the shooting had been accidental. Accordingly, we decline to issue a certificate of appealability on this claim.

**4.    Due Process Violations**

Mr. Belin also alleges a hodge-podge of due process violations, but does not tie them to trial counsel's conduct. Thus, Mr. Belin is not entitled to a certificate of appealability on this part of the ineffectiveness claim.

## III. Leave to Proceed in Forma Pauperis

Mr. Belin also seeks leave to proceed in forma pauperis. We deny this request in light of the absence of any reasonably debatable claims. *See* 28 U.S.C. § 1915(a)(3).

## IV. Disposition

We decline to issue a certificate of appealability, dismiss the appeal, and deny leave to proceed in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge

5