**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGARDO JASSO CHAVERO, f/k/a
Edgardo Chavero-Jasso,

    Defendant - Appellant.

No. 16-5040
(D.C. Nos. 4:13-CV-00791-CVE-TLW and
4:12-CR-00101-CVE-6)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Edgardo Chavero, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Chavero pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and was sentenced to 120 months' imprisonment. He did not appeal. Chavero filed a pro se § 2255 motion, which the district court denied. We granted a COA and remanded to permit factual

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

development of Chavero's claim that his counsel, Stephen Knorr, made false promises to induce him to sign a form that waived his right to appeal. United States v. Chavero, 630 F. App'x 866 (10th Cir. 2015) (unpublished).

On remand, the district court appointed counsel and held an evidentiary hearing. Knorr, interpreter Adriana Carrasco, and Chavero testified. Each witness' testimony focused on a meeting between Knorr and Chavero on June 26, 2013, at which Carrasco was present. It is undisputed that at the end of the meeting, Chavero signed a form stating he did not wish to file a direct appeal. Chavero testified he signed the form with the understanding that Knorr would file an appeal once Chavero was transferred to another prison. Knorr testified that he explained the direct appeal and habeas processes to Chavero. He also told Chavero that he would file a notice of appeal if Chavero directed him to do so. But because Knorr did not believe there were any meritorious issues to raise on direct appeal, he informed Chavero that he would file an Anders brief. After initially refusing to sign the form, Chavero ultimately signed the portion of the document indicating he did not want Knorr to file a notice of appeal. Carrasco's testimony corroborates Knorr's version of the meeting.

Noting inconsistencies in Chavero's testimony and his history of untruthfulness, the district court determined Knorr and Carrasco were credible but Chavero was not. It denied relief and declined to issue a COA. Chavero now seeks a COA from this court.

2

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Chavero must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

"[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Further, a valid waiver of appellate rights must be made knowingly and voluntarily. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The district court found that Chavero was not tricked into signing the form acknowledging that he did not want to pursue an appeal. This finding was not clearly erroneous. See United States v. Orange, 447 F.3d 792, 796 (10th Cir. 2006) (clear error standard applies to district court's factual findings in § 2255 proceeding).

Rather than challenging the district court's factual findings, Chavero contends that Knorr provided ineffective assistance of counsel by failing to adequately consult with him about his right to appeal. In this context, consultation means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528

3

U.S. 470, 478 (2000). Chavero faults Knorr for insufficiently canvassing the advantages and disadvantages of appealing. He also complains that Knorr stated he would file an <u>Anders</u> brief if Chavero wished to appeal. But Knorr's testimony indicates that he extensively discussed the merits of an appeal with Chavero. Moreover, Chavero did not present any evidence that the waiver form confused him, nor did he recall any discussion about an <u>Anders</u> brief. Reasonable jurists could not debate that Knorr adequately consulted with Chavero about his right to appeal.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4