**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERASMO ESPARZA-MORENO,

    Defendant-Appellant.

No. 12-2037
(D.C. No. 5:11-CR-02515-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Erasmo Esparza-Moreno (Esparza) pleaded guilty to one count of

illegal reentry after deportation subsequent to an aggravated felony conviction, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to a term of imprisonment of thirty months. On appeal, Esparza's counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Esparza was provided with a copy of the <u>Anders</u> brief and has filed a supplemental pro se brief. The government has declined to file a brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

In April 2011, special agents from United States Immigration and Customs Enforcement (ICE) received information from the Homeland Security Investigations Tip Line indicating that Esparza, who was living and working in Hobbs, New Mexico, had been previously deported from the United States. A subsequent investigation revealed that in 2001, Esparza was convicted in New Mexico state court of a felony drug offense and sentenced to a three-year term of imprisonment. The investigation further revealed that Esparza, upon his release from state prison in 2003, was deported from the United States to Mexico.

On June 24, 2011, ICE special agents arrested Esparza at his home. After being advised of his rights, Esparza agreed to talk to the agents and admitted that he had been previously deported and that he did not seek or receive permission from the appropriate authority to reenter the United States. Esparza further admitted that he was a citizen of Mexico and had no valid claim to United States citizenship.

Following Esparza's arrest, a criminal complaint was filed against him charging

2

him with a single count of illegal reentry after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On September 21, 2011, a federal grand jury indicted Esparza on the same count.

Esparza consented to proceed before a magistrate judge and, on October 3, 2011, Esparza pleaded guilty to the single count alleged in the indictment. The magistrate judge accepted the plea, expressly noting that it was entered by Esparza freely, voluntarily, and intelligently. The United States Probation Office prepared a presentence investigation report (PSR) that calculated Esparza's total offense level to be 21 and his criminal history category to be II, resulting an advisory guidelines range of imprisonment of 41 to 51 months. Esparza did not dispute the PSR's calculations. But he did file a motion for downward departure from the advisory guideline range on the basis of Esparza's purported cultural assimilation.

At the sentencing hearing on February 16, 2012, the district court adopted the PSR's findings and calculations, and rejected Esparza's motion for downward departure on the basis of cultural assimilation. Esparza's counsel requested a downward variance based upon the sentencing factors outlined in 18 U.S.C. § 3553(a). The district court granted that request and sentenced Esparza to a term of imprisonment of thirty months.

Judgment was entered in the case immediately following the sentencing hearing, and Esparza has since filed a timely notice of appeal.

II

Under Anders, defense counsel may "request permission to withdraw where

3

counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. We are then obligated to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (internal quotations omitted).

In this case, Esparza's counsel has submitted a brief asserting that "there is no issue of arguable merit in this case." Aplt. Br. at 3. In support, Esparza's counsel asserts that "[n]o pretrial issues were preserved for appellate review," "[t]he lengthy plea colloquy went beyond the requirements of law," "no assertion can be made that the plea was not knowingly nor voluntary [sic] entered by [Esparza]," and "no assertion can be made that [Esparza] did not understand the range of punishment in his case." Id. Lastly, Esparza's counsel asserts that "[t]he sentence was below the applicable guideline range and the imposition of a sentence below the guideline range is not arguably an abuse of discretion." Id.

After conducting our own examination of the record in this case, we agree with Esparza's counsel that the appeal is frivolous. The record on appeal establishes that Esparza's guilty plea was knowing and voluntary, and Esparza does not assert otherwise in his pro se brief. With respect to the sentencing proceedings, neither Esparza nor the

4

government objected to the advisory guidelines range calculated by the PSR, which was adopted in full by the district court. As for the sentence imposed by the district court, it was below the advisory guidelines range and was selected by the district court after consideration of the factors outlined in 18 U.S.C. § 3553(a). Consequently, we conclude that the sentence imposed was both procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007).

Esparza has filed a supplemental pro se brief asserting three challenges to the sentence imposed by the district court. But, for the reasons outlined below, we find no merit to any of those challenges.

Esparza first suggests that his sentence is procedurally unreasonable because the district court did not take into account the sentence that a similarly situated defendant prosecuted in a "fast-track" district would likely receive. According to Esparza, "had [he] been arrested in a 'fast-track' district, he would have been eligible to recive [sic] up to a 4-level reduction in his offense level which could have reduced his offense level from 21 to 17 with a range of 27-33 months rather than the range of 41-47 months he actually recived [sic]." Aplt. Supp. Br. at 1. A so-called "fast track" program allows a defendant, upon motion of the government, to obtain up to a 4-level downward departure from his offense level in exchange for pleading guilty pursuant to an early disposition program. See U.S.S.G. § 5K3.1. It is undisputed that the District of New Mexico did not offer such a program at the time of Esparza's prosecution. But the record on appeal establishes that the district court varied downward from the advisory guideline range and imposed a

5

sentence essentially equivalent to one that a defendant charged in a fast-track district likely would have received. See United States v. Lopez-Macias, 661 F.3d 485, 487 (10th Cir. 2011) (holding that "a district court in a non-fast-track district has the discretion to vary from a defendant's applicable guideline range based on fast-track sentence disparities"). Consequently, we reject this challenge to the substantive reasonableness of the sentence.

Esparza next takes issue with the district court's adoption of the PSR's recommended sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Section 2L1.2(b)(1)(A) of the Sentencing Guidelines requires a district court to increase a defendant's offense level "by 16 levels" if the "defendant was previously deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). Esparza argues that this enhancement is excessive because (a) the United States Sentencing Commission "has never provided any justification for" it, Aplt. Supp. Br. at 4, (b) "th[e] enhancement has nothing to do [with the way] in which the offense was committed," id. at 5, (c) the "enhancement . . . impacts mostly Hispanics and persons from . . . poor circumstances . . . who are largely coming to the United States . . . in order to seek employment," id., and (d) the enhancement "can create sentencing disparities" for "defendants whose offense is factually the same but who both do not receive the 16 level enhancement because of difference in the names of prior convictions from state to state," id.

It is unnecessary for us to address Esparza's arguments in detail for two reasons.

6

First, Esparza does not dispute that his prior conviction fell within the scope of §

2L1.1(b)(1)(A) and thus required the district court to impose the sixteen-level

enhancement. Consequently, we see no basis for concluding that the sentence was

procedurally unreasonable. Second, the effect of the sixteen-level enhancement was

mitigated in Esparza's case by the district court's decision to vary downward from the

advisory guideline range based upon the sentencing factors outlined in § 3553(a). We

therefore cannot say that the district court abused its discretion in imposing the sentence,

or that the sentence imposed was substantively unreasonable in light of all the relevant

sentencing factors.

Lastly, Esparza asserts that the district court erred in denying his motion for

downward departure on the basis of cultural assimilation. Our jurisdiction to review a

district court's denial of a motion for downward departure is limited to "the very rare

circumstance that the district court states that it does not have any authority to depart

from the sentencing guideline range for the entire class of circumstances proffered by the

defendant." United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998). In other

words, we lack jurisdiction "to review a district court's discretionary decision to deny a

motion for downward departure on the ground that a defendant's [particular]

circumstances do not warrant the departure." United States v. Sierra-Castillo, 405 F.3d

932, 936 (10th Cir. 2005). In this case, the district court did not conclude that it lacked

authority to depart downward on the general grounds of cultural assimilation. Instead, it

concluded that a downward departure for cultural assimilation was not warranted in

Esparza's case. Consequently, we lack jurisdiction to consider the district court's denial of Esparza's motion.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

8